UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PLACIDA N. ROBINSON,<br><br>Debtor. | NOT FOR PUBLICATION<br><br>Case No. 17-10275<br>Chapter 7 |

**MEMORANDUM OPINION AND ORDER DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY, OR, IN THE ALTERNATIVE, LIFTING THE STAY**

Pending before the Court is the *Motion for an Order Declaring Automatic Stay Inapplicable or, in the Alternative, Granting Relief from the Stay*, (the "Motion," ECF Doc. # 83), filed by Aspire Federal Credit Union ("Aspire"). The Motion was served by mail on the Debtor. (ECF Doc. # 84.) The Motion is supported by various exhibits (ECF Doc. ## 83-1–10), such as the affidavit of Nicole Seymour, Operations Manager for Aspire's authorized loan servicer (the "Seymour Affidavit"). No opposition to the Motion was filed, but the Debtor appeared at the hearing on the Motion and opposed granting it. For the reasons explained below, the Motion is **GRANTED.**

## I.    BACKGROUND

### A.    Factual Background

Debtor is the sole shareholder of Nine T Thirty One Shearn Corporation ("9T31"), 5584 Chicago Corporation ("5584") and 2331 Chicago Corporation ("2331," collectively with 9T31 and 5584, the "Companies"). The Companies are dormant taxicab companies and medallion managers. Each of the Companies received a loan from Aspire on a secured basis. As of December 19, 2018, the 9T31 loan, the 5584 loan and the 2331 loan had outstanding amounts due totaling $1,037,133.89, $236,820.95 and $255,813.94, respectively. (Seymour Aff. ¶¶ 7, 13–14.)

The core collateral for Aspire's loans to the Companies are three taxi medallions (collectively, the "Collateral"), separately owned by each of the Companies. Debtor guaranteed the loans. Aspire claims it has superior rights to the Collateral, owned by the Companies and not part of the Estate in this Chapter 7 liquidation proceeding. The value of the Collateral has dropped significantly and Aspire's loans are deeply underwater. For instance, since December 2013, the value of the medallion owned by 9T31 has dropped from $1,050,000 to $293,830. (Seymour Aff. ¶ 22.) Indeed, at the hearing on the Motion in January 8, 2019, the Debtor acknowledged that the amount of the debt secured by the three taxi medallions substantially exceeds the value of the Collateral. Thus, the Debtor, who wholly owns the three Companies that own the medallions, has no equity in the value of the medallions. Counsel for the Chapter 7 Trustee appeared at the hearing and stated that the Trustee has no objection to the lifting of the stay.

B. **The Motion**

Aspire requests a declaration that the automatic stay does not apply to the Companies or the Collateral so that Aspire may foreclose on the Collateral to protect its interests. In the alternative, Aspire requests relief from the automatic stay to permit the New York State court, in a pending action, to decide a *sub judice* motion for replevin of the medallion held by 9T31 and commence foreclosure proceedings in Illinois against 2331 and 5584.

II.   **DISCISSION**

Aspire is a creditor of the Debtor, who is a guarantor of Aspire's loans to the non-debtor Companies that are, in turn, owned by the Debtor. Aspire also holds a security interest in the Collateral, the three taxi medallions owned by the non-debtor entities. The loans are in default, and the taxi medallions are worth substantially less than the amount of the debt.

The automatic stay does not apply to the Collateral because the Companies are not debtors and the Companies, rather than Debtor, own the Collateral. *Boise Cascade Corp. v. Wheeler*, 419 F. Supp. 98, 101-02 (S.D.N.Y. 1976), *aff'd*, 556 F.2d 554 (2d Cir. 1977) ("[a] corporation's property rights are entirely distinct from those of its shareholders and that even complete ownership of capital stock does not operate to transfer the title to corporate property") (internal citations omitted). Other courts in this district have held that stay in a shareholder's case does not apply to debtor's wholly-owned non-debtor corporation. *In re Sheu*, 2009 WL 1794473, at *2 (Bankr. E.D.N.Y. Jun. 16, 2009); *In re Pitts*, 2009 WL 4807615, at *7 (Bankr. E.D.N.Y. Dec. 8, 2009).

As the Second Circuit explained in *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003), "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing. The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . .'" (internal quotations and citations omitted). As already stated, counsel for the Chapter 7 Trustee—the only party with a potential interest in the medallions, through the Debtor's ownership of the Companies—stated at the hearing that the Trustee has no objection to lifting the stay. There simply is no value available to the estate in the deeply underwater Collateral that secures Aspire's loans.

A *prima facie* case that a party lacks adequate protection under section 362(d)(1) can be satisfied by showing (i) a quantitative decline in value of a property, or (ii) that the debtor has

3

failed to make numerous post-bankruptcy payments. *See Elmira Litho*, 174 B.R. at 902–04. Aspire has satisfied both prongs of this test.

Even assuming the automatic stay applied to the Collateral, cause exists to lift the stay under 11 U.S.C. § 362(d)(1). Aspire does not have adequate protection because the medallions have rapidly declined in value and because Debtor and the Companies have never made any post-petition payments on the loans. (Mot. at 15.)

A *prima facie* case under section 362(d)(2) requires a showing that the debtor has no equity in the property and that the property is not necessary to the reorganization of the estate. *See id.* at 900 (collecting cases). Courts use simple arithmetic to calculate the equity in a property, subtracting the total claims from the value of the property. If the value of claims against a property exceeds the value of the property, the debtor has no equity in the property. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.07[4][a]. If the movant shows that the debtor lacks equity in the property, the debtor must then show "that there [is] a reasonable possibility of a successful reorganization within a reasonable time" and that the property is "essential" to such a reorganization. *In re Timbers of Inwood Forest*, 484 U.S. 365, 375–76 (1988). Aspire has demonstrated that the Debtor has no equity in the Collateral. And, in a Chapter 7 case, reorganization is not an alternative.

### III. CONCLUSION

For the foregoing reasons, Aspire's Motion is **GRANTED**.  Aspire has the right to seek the state-law remedy of replevin to recover the Collateral.  The automatic stay, to the extent it exists, is lifted.  Aspire may proceed unhindered by this bankruptcy case to recover its Collateral.

**IT IS SO ORDERED.**

Dated:   January 11, 2019
         New York, New York

                          *____Martin Glenn_____*
                              MARTIN GLENN
                       United States Bankruptcy Judge